WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Travelers Indemnity Company, as subrogee of Tourism and Sports Authority d/b/a Arizona Sports & Tourism Authority,<br><br>        Plaintiff,<br><br>vs.<br><br>Crown Corr, Inc.,<br><br>        Defendant. | No. CV 11-0965-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Crown Corr's Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Doc. 39).

**I.      BACKGROUND**[1]

This Court previously granted Crown Corr's Motion to Dismiss Plaintiff's Complaint. In its Complaint, Travelers sought to recover roughly $1.4 million in damages that it paid on behalf of its insured, Tourism and Sports Authority ("TSA"). TSA is the owner of the University of Phoenix Stadium (the "Facility"). Hunt Construction ("Hunt") entered into a "Design/Build Agreement" (the "DBA") with TSA for the construction of the Facility. Hunt then entered into a subcontract (the "Subcontract") with Defendant Crown Corr for services

---

[1] A more in-depth background regarding the contracts and parties discussed herein can be found in the Court's December 27, 2011 Order. *See Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV 11-0965-PHX-JAT, 2011 WL 6780885 (D. Ariz. Dec. 27, 2011).

relating to the construction of the Facility. Travelers' Complaint was dismissed with prejudice. Crown Corr now moves, pursuant to Federal Rules of Civil Procedure 54(d)(2), for an award of attorneys' fees and non-taxable expenses and argues that it is entitled to such fees pursuant to contractual authority and statutory authority. Travelers disputes Crown Corr's entitlement to attorneys' fees.

### A.  Whether There is Contractual Authority for an Award of Attorneys' Fees

Crown Corr claims to be entitled to an award of attorneys' fees pursuant to paragraph 14.6 of the Agreement for Design/Build Services ("DBA") (Doc. 22-2 at 90), which states:

> The prevailing party in any litigation shall be entitled to recover from the other party its reasonable attorneys' fees, costs, and consultants' fees and other expenses incurred by the prevailing party in connection with such litigation.

(Doc. 22-2 at 90). Crown Corr admits that it is not a party to the DBA, but instead claims that, because the DBA was incorporated into the Subcontract between Hunt and itself, this provision should apply to allow it to recover attorneys' fees. (Doc 48 at 2). Crown Corr also argues that paragraph 14.6 should be dispositive because Travelers cited this provision "as part of its claim against Crown Corr." *Id.* In response, Travelers argues that Crown Corr was neither a party nor a third-party beneficiary of this provision of the DBA and thus Travelers is not bound by paragraph 14.6 because Travelers was not a party to the Subcontract. (Doc. 51 at 2-3).

The Court agrees that Crown Corr is not entitled to fees under paragraph 14.6 of the DBA. Although the Subcontract incorporates the DBA, it does not make Crown Corr a third-party beneficiary to all of the provisions of the DBA. Crown Corr fails to point to any language in the DBA making it a third-party beneficiary of the attorneys' fees provision of the DBA. Accordingly, Crown Corr is not entitled to attorneys' fees based on paragraph 14.6 of the DBA.

### B.  Whether There is Statutory Authority for an Award of Attorneys' Fees

Crown Corr next argues that it is entitled to attorneys' fees under A.R.S. section 12-

- 2 -

1  341.01. (Doc. 39 at 2). That provision allows a Court to award attorneys' fees to the
2  successful party in any dispute "arising out of" a contract dispute. A.R.S. § 12-341.01.
3  Travelers contends that the provisions of the Subcontract are "incompatible with an award
4  to [Crown Corr]." (Doc. 51 at 5). Travelers further asserts that the Subcontract's terms
5  expressly exclude an award of this nature and that Arizona law precludes considering section
6  12-341.01 where a contract seeks to control the award of attorneys' fees. *Id.* at 6. Travelers
7  also argues, in the alternative, that Crown Corr should not be awarded attorneys' fees
8  because it did not comply with LRCiv. 54.2. *Id.* at 7. Finally, Travelers argues that, even if
9  section 12-341.01 does apply, it should not be applied based on the *Warner* factors.[2] *Id.* The
10 Court will now examine these issues.

### 1.     Whether 12-341.01 Applies

Travelers argues that where "contractual terms are inconsistent with an award of fees, a court *cannot* award them under a statute." (Doc. 51 at 5). Travelers claims that paragraph 33.6 of the Subcontract contains a "specific, express provision limiting the recoverable fees and expenses to those incurred by the general contractor . . .". *Id*. Travelers reads this provision to 'expressly [provide] that the ***only*** 'attorneys' fees, disbursements or costs' that may be awarded under the Subcontract are those 'incurred by Hunt or for which Hunt is liable to others under the [Contracts] or applicable law.'" *Id.* (emphasis added). Travelers cites to *Jordan v. Burgbacher*, 883 P.2d 458 (Ariz. Ct. App. 1994) to support its argument. *Id.* There, the Court held that section 12-341.01 was inapplicable when a contract governed the recovery of attorneys' fees. *Jordan*, 883 P.2d 458.

Paragraph 33.6 of the Subcontract states:

> Whenever reasonable attorneys' fees, disbursements or costs *are referred to in this Subcontract*, ***such terms include***, ***without***

---

[2] In *Associated Indem. Corp. v. Warner*, 694 P.2d 1181 (Ariz. 1985), the Court identified six factors that should be used in determining whether an award of attorneys' fees is appropriate under A.R.S. 12-341.01.

- 3 -

>   ***limitation***, the following expenses paid or incurred by Hunt or for which Hunt is liable to others.

(Doc. 22-3 at 39) (emphasis added). Travelers argues that this definitional provision somehow limits recoverable attorneys' fees to Hunt and parties to which Hunt is liable. However, paragraph 33.6 attempts to further *define* the terms "attorneys' fees, disbursement, or costs," but it does not limit them. *Id.* The terms "include" and "without limitation" mean that Hunt was to recover fees when they were referred to in the Subcontract. However, this definition does not, on its face, limit recovery of fees to Hunt. *See Black's Law Dictionary*, (9th ed. 2009), include. The phrase "without limitation" means that the terms listed are not the only terms included. Any reading of this provision as creating a unilateral contract solely in favor of Hunt is untenable on the plain language of paragraph 33.6. Travelers has not pointed to any other part of the Subcontract that purports to limit the recovery of attorneys' fees to Hunt.

Even if this provision purported to limit fees to Hunt, Arizona courts "will not infer a prohibition against the recovery of attorneys' fees to one party under [section] 12-341.01 simply because a contract contains a unilateral attorneys' fee provision favorable to another party." *Pioneer Roofing Co. v. Mardian Constr. Co.*, 733 P.2d 652, 668 (Ariz. Ct. App. 1986); *see McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 165 P.3d 667, 669 n.1 (Ariz. Ct. App. 2007).

Accordingly, as Travelers has pointed to no specific provision in the contracts limiting Crown Corr's ability to pursue attorneys' fees, section 12-341.01 applies to a fee award in this case.

**2.   Whether Crown Corr Complied with Local Rules**

Travelers argues that Crown Corr is not entitled to fees because it did not comply with Local Rule 54.2. (Doc. 51 at 8). Local Rule 54.2(d) requires a party moving for attorneys' fees to provide supporting documentation, which must include a statement of consultation, a fee agreement, an itemized statement of fees, and an affidavit. LRCiv 54.2(d). That

- 4 -

affidavit must contain statements regarding the background of each attorney involved in the litigation and the reasonableness of the rate and time spent. *Id.* Within the attorneys' statement on reasonableness, the Local Rules indicate the moving party must discuss whether or not the client has paid their attorneys' bills and if so, to what extent. *Id.*

The moving attorneys must also demonstrate that they have exercised billing judgment in these affidavits. *Id.* Noncompliance with any of these rules can justify a Court in entirely rejecting an application for fees, as they are "not advisory, but are mandatory to support an award of attorneys' fees." *Societe Civile Succession Richard Guiono v. Beseder, Inc.*, No. CV 03-1310-PHX-MHM, 2007 WL 3238703, at *7 (D. Ariz. Oct. 31, 2007). In some cases, however, a Court may overlook mere "procedural irregularity" and award fees in the face of a violation of Local Rule 54.2. *Schrum v. Burlington N. Santa Fe Ry. Co.*, CV 04-0619-PHX-RCB, 2008 WL 2278137, at *3 (D. Ariz. May 30, 2008).

Travelers first argues that Crown Corr has not demonstrated exercise of billing judgment. (Doc. 51 at 8). Crown Corr contends that it has made a showing of billing judgment in Doc. 48-1. (Doc. 52 at 8). The Court agrees. Doc. 48-1 is an affidavit signed by James L. Blair in which he asserts personal knowledge of the background and reasonableness of fees. The Court can find no violation of Local Rule 54.2 for failure to exercise billing judgment. (Doc. 48-1).

Travelers next alleges that Crown Corr has failed to attach fee agreements or to describe which fees have been paid in its motion for attorneys' fees. In response, Crown Corr contends that it has attached these agreements and included descriptions in Doc. 48-1 and Doc. 52-1. (Doc. 52 at 9). Doc. 52-1 contains affidavits dealing with fee agreements and Crown Corr's payment history. (Doc. 52-1). Accordingly, Doc. 48-1 and Doc. 52-1 contain the information necessary to satisfy the fee agreements and descriptions requirement.

However, Crown Corr has failed to include a Statement of Consultation with its Motion for Fees. Because Crown Corr has not made an effort to discuss attorneys' fees with Travelers, the Court has discretion to reject their award for attorneys' fees. *Schrum*, 2008 WL

- 5 -

2278137 at *3. As mentioned above, the Court also has discretion to allow fees in spite of this noncompliance. *Id.* The Court finds that rejecting fees in their entirety would be an inequitable result, but the Court will factor this non-compliance in its later analysis.

### 3. Whether Crown Corr Is Entitled to an Award

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(a). Therefore, in order to award attorneys' fees to Crown Corr under this statute, the Court must find that Crown Corr is the "successful party," that the action arose out of a contract, that the award of attorneys' fees is appropriate, and that the fees are reasonable.

#### a. Whether Crown Corr is a Successful Party

Crown Corr is the "successful party" under A.R.S. section 12-341.01(a). Under Arizona law, to determine whether a party is a successful party, the Court considers the "totality of the litigation." *All Am. Distrib. Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir. 1984); *see Nataros v. Fine Arts Gallery of Scottsdale*, 612 P.2d 500, 505 (Ariz. Ct. App. 1980). "[T]he fact that a party does not recover the full measure of relief it requests does not mean it is not the successful party." *Sanborn v. Booker & Wake Prop. Mgmt., Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994).

In the present case, the Court granted a motion to dismiss with prejudice in favor of Crown Corr and judgment was entered in favor of Crown Corr. Travelers contends that Crown Corr had a number of motions denied,[3] however these motions were immaterial to the ultimate disposition of the case, as Crown Corr's motion to dismiss was granted. *See e.g.* Doc. 37 at 1-4. Therefore, Crown Corr is a "successful party" within the meaning of A.R.S. § 12-341.01(a).

#### b. Whether the Action Arises Out of Contract

---

[3] The Court denied Defendant's Motion for Summary Disposition of the Motion to Dismiss Third Amended Complaint with Supporting Affidavit and granted Plaintiff's Motion for Extension of Time to Answer.

- 6 -

1  This case arises out of a contract. When determining whether an action arises "out of a contract," a court must consider the "essence of the action." *ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 673 P.2d 934, 937 (Ariz. Ct. App. 1983). If "a contract was a factor in causing the dispute," the action arose out of the contract. *Id.* at 937.

Neither party disputes that this action arose from contracts related to the construction of the Facility. Accordingly, the contracts were "factor[s] in causing the dispute" and, therefore, this action arose from a contract within the meaning of section 12-341.01(a).

### c.     Whether the Award is Appropriate

An award of attorneys' fees is appropriate. Under A.R.S. § 12-341.01, the Court *may* award reasonable attorneys' fees. There is no presumption in favor of granting attorneys' fees in contract actions; rather, it is a matter within the discretion of the Court. *Warner*, 694 P.2d at 1183-84. The Arizona Supreme Court has enumerated six factors that courts must consider when deciding whether to award attorneys' fees to a prevailing party: (1) the merits of the unsuccessful party's claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. *Id.* at 1184.

Here, Travelers failed to assert a successful claim because its insured waived its subrogation rights. While there may have been some issues that were "open to debate," as Travelers' puts it, these issues were not necessary to the resolution of the case or were ultimately rejected by the Court. Because Travelers failed to make a claim that warranted litigation past dismissal, this factor weighs in favor of awarding attorneys' fees.

Second, the record is generally devoid of any real effort to avoid or settle this lawsuit on the part of Travelers or Crown Corr. Crown Corr claims it contacted Travelers asking for a withdrawal of the claims and Travelers refused. Crown Corr argues that, because Travelers

- 7 -

had no subrogation rights, and thus no right to bring a suit, this withdrawal would have been proper. However, asking the other side to withdraw its suit does not fall under the category of negotiation. This Court has been presented with no evidence that either side made significant efforts to negotiate a settlement. Thus, this factor does not favor either party.

Third, Travelers has failed to allege that an award of attorneys' fees would present an "extreme hardship." Travelers has offered no evidence to show any financial circumstances sufficient to suggest an undue hardship. Therefore, the Court cannot consider Travelers' hardship in determining whether to award fees. *See Rowland v. Great State Ins. Co.*, 20 P.3d 1158, 1168, n. 7 (Ariz. Ct. App. 2001); *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1991) (party seeking fees bears burden of proving entitlement to fees, except, on this prong, burden shifts to party opposing fees to come forward with prime facie evidence of financial hardship, and that evidence must be in the form of sworn testimony). Thus, this factor weighs in favor of awarding attorneys' fees.

Fourth, Travelers argues that, because Crown Corr was denied summary disposition and on opposing an extension of time, Crown Corr did not "prevail on all relief sought." Doc. 51 at 12. However, Crown Corr's success was not dependent on those motions and Crown Corr accomplished its goal by having the case dismissed. Doc. 37 at 1-4. Thus, this factor weighs in favor of awarding attorneys' fees.

Fifth, Travelers brought a breach of contract claim against Crown Corr. Although these matters are adjudicated in the courts on a daily basis, this case presented some novel issues. Crown Corr admits "this lawsuit presented a somewhat novel question of law" and then refers specifically to the "issues open to debate" that have been mentioned above. Doc. 48 at 8. Novelty weighs against awarding fees. *Rowland*, 20 P.3d 1158, at 1168. Thus, this factor weighs against awarding attorneys' fees.

As to the last factor, an award of attorneys' fees in this case would not discourage other parties with tenable claims from pursuing such claims. While the fear of incurring liability for substantial amounts of attorneys' fees will generally tend to discourage litigation,

- 8 -

1  the legislature has specifically provided for attorneys' fees in contract disputes. *See* Ariz.
2  Rev. Stat. Ann. §12-341.01. Awarding attorneys' fees in such cases has the effect of
3  dissuading litigants from taking a case to trial when there are clear contractual provisions that
4  prohibit litigation. Because the contract claims in this case were barred by the DBA, an
5  award of attorneys' fees will not have the effect of precluding meritorious claims.

6  Therefore, the Court finds that the factors-based analysis of the appropriateness of
7  attorneys' fees tilts sharply, though not entirely, in favor of Crown Corr. Thus, an award of
8  attorneys' fees is appropriate in this case.

### d. Whether the Fees and Expenses are Reasonable

10  The final step in the attorneys' fees analysis is to determine whether the fees sought
11  by Crown Corr are reasonable. *See Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931
12  (Ariz. Ct. App. 1983). In the original motion, Crown Corr sought an estimated $190,000 in
13  fees. Thereafter, Crown Corr filed a Memorandum in Support of Crown Corr's Motion for
14  Attorneys' Fees, wherein Crown Corr amended its fees. Crown Corr now seeks $189,822.61
15  in fees and expenses. (Doc. 52 at 11).

16  The Court may award the successful party in a contract action reasonable attorneys'
17  fees. A.R.S. § 12-341.01(a). Once a party submits an itemized list of fees with sufficient
18  detail and establishes entitlement to fees, the burden then shifts to the party challenging the
19  fees to show that the fees are unreasonable. *See Nolan v. Starlight Pines Homeowners Ass'n*,
20  167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

21  When determining if a fee award is reasonable, the Court must consider the hourly fee
22  and the number of hours worked. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir.
23  1987). In this case, Travelers does not challenge the hourly rates that Crown Corr's attorneys
24  charged, but instead argues that the amount of hours worked was excessive. Thus, the Court
25  will only review the amount of hours worked. (Doc. 51 at 13-17).

26  In analyzing the reasonableness of hours expended, the Court looks to the amount of
27  hours that would be expended by a "reasonable and prudent lawyer." *China Doll,* 673 P.2d

at 932. Further, "[i]n order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Id.* An award may also be reduced for hours not "reasonably expended." *Id.* As the United States Supreme Court explained in *Hensley v. Eckerhart,* 461 U.S. 424 (1983),

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fees submission.

*Id.* at 434.

Travelers has raised a number of objections to the reasonableness of the hours claimed by Crown Corr. Travelers challenges Crown Corr's fee application, in part, because eighteen attorneys worked on the case, which Travelers claims necessarily involves duplication of effort and inefficiencies. (Doc. 51 at 17). Undoubtably, the more timekeepers a firm has working on a case, the higher the likelihood of duplication of effort and wasted time. On the other hand, complicated litigation of a significant magnitude may demand the resources of multiple attorneys and firms. *See Agster v. Maricopa Cnty.*, 486 F.Supp.2d 1005, 1015-16 (D. Ariz. 2007).

Crown Corr defends the number of attorneys that worked on the case by arguing that eight of those attorneys worked two hours or less. (Doc. 52 at 10). While ten attorneys working on one case may seem excessive, the litigation involved potential claimants in three different states and a claim at issue of over one million dollars. After a careful review of the invoices for Crown Corr's three defense firms and their supporting affidavits, the Court is satisfied that the hours billed are not excessive. This Court is unwilling to reduce fees without some kind of supporting evidence that the fees are excessive. Where entries have provided a sufficient amount of information, the Court has found the amount of hours billed on the litigation to be reasonable. The fees will not be reduced for being excessive.

Travelers challenges the pre-complaint investigation and analysis fees on the basis that

1 they were charged before the complaint was filed, and, alternatively, that the investigation
2 is unrelated to the litigation. (Doc 51 at 16). Pre-complaint work is considered part of the
3 process of litigation and can be included in an award for fees. *Pioneer Roofing Co.*, 733 P.2d
4 at 665. While pre-complaint work is important to litigation, this Court cannot find any
5 authority which justifies a presumption of the validity of pre-complaint fees and expenses.
6 Travelers asserts that the "vast majority of fees incurred by . . . Donovan Hatem and Sullivan
7 Ward . . . actually involve Crown Corr's insurance carriers' post-storm investigations and
8 claims monitoring for *multiple insureds* and *multiple potential claimaints.*" (Doc. 51 at 16).
9 In fact, Travelers contends that Crown Corr has attempted to "pull a 'fast one' on this Court."
10 *Id.*

11 The Donovan Hatem invoice contains fee entries that do appear to be unrelated to the
12 claim. One entry reads:

> "02/14/11 KRR L120:A104 REVIEW COVERAGE COUNSEL'S PROPOSED AMENDMENT TO JOINT DEFENSE AGREEMENT CLAUSE REGARDING CONFLICT COUNSEL IN CONJUNCTION WITH UNI SYSTEM'S AND WALTER P. MOORE'S REQUESTS REGARDING THE SAME PROVISION TO PREPARE FOR TELEPHONE CONFERENCE WITH LEXINGTON."

17 (Doc. 48-2 at 85). To support their assertion that these fees are related, Crown Corr has
18 submitted the sworn affidavit of Gwen P. Weisberg. In her affidavit, Ms. Weisberg asserted
19 "The Donovan Hatem invoices cover a fourteen (14) month period, August 2010 through
20 October 2011, and approximately $52,000. The first nine (9) months represent pre-litigation
21 legal services, e.g., analyzing the claims and relevant contracts, negotiating with Travelers,
22 and working with consulting experts (Bliss & Nyitray, Inc., for example), *to understand and*
23 *attempt to resolve the Travelers claim pre-lawsuit*. (Doc. 52-1 at 6) (emphasis added). Ms.
24 Weisberg also asserts that "[a]ll of the pre-lawsuit investigation and negotiations contributed
25 significantly to the successful resolution of the lawsuit." *Id.* at 7.

26 Based on this affidavit, the Court can only conclude that any ambiguity in the invoices

- 11 -

must be a factor of the brief nature of a fee entry, and not, as Travelers asserts, bad faith.[4] However, as a large majority of the pre-complaint litigation does, indeed, appear to be unrelated to the litigation, the Court must exclude the majority of these fees pursuant to Local Rule 54.2(e)(2). That rule indicates that the "party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated." LRCiv 54.2(e)(2). The rule also provides that if "the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly." *Id.* So, while the Court does not lend credence to Plaintiff's contention that Defendant's fee award request was made in bad faith, Defendant's invoices have not been kept in a manner that sufficiently describe the services rendered and their relationship to the Crown Corr litigation. After a careful review of these invoices, the Court finds that there is insufficient evidence to justify an award of fees for the Donovan Hatem pre-

---

[4] Federal Rule of Civil Procedure 11 indicates:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11. Because both parties to this suit are aware of this Rule, the Court will rely on their briefs and affidavits in the absence of evidence of bad faith.

1  complaint litigation. Accordingly, the Court has reduced the Donovan Hatem fee award to
2  $9,481. This reduction takes into account a complete exclusion of pre-complaint fees.

3  Similarly, many of Sullivan Ward's invoice entries are incomplete or too vague to
4  assess. Most notable are those relating to correspondence. The Local Rules provide that
5  telephone conferences must "identify all participants and the reason for the telephone call,"
6  *Id.* This requirement also applies to emails and physical correspondence. *See* LRCiv.
7  54.2(e)(2)(A)-(D)(providing examples of billing entries). Because these entries, and others,
8  are incomplete, the Sullivan Ward fee award will be reduced to $4,275. This reduction takes
9  into account a complete exclusion of fees where the entries do not conform to the Local
10 Rules.

11 For the preceding reasons, the Court has determined that the requested fee award is
12 reasonable, but that a portion of it is too unclear to assess properly.

### e.  Whether Crown Corr is Entitled to Expenses

14 Because Crown Corr is claiming fees pursuant to A.R.S. sections 12-341 and 12-
15 341.01, Arizona law is controlling here. At the outset of any discussion of expenses, it is
16 valuable to draw a distinction between taxable and non-taxable costs. Under Arizona law,
17 taxable costs that can be recovered pursuant to A.R.S. §12-341 are limited, by A.R.S. 12-332,
18 to "expenses incurred for witness fees, deposition expenses, certified copies, surety expenses,
19 and other costs incurred pursuant to an agreement between the parties." *Ahwatukee Custom*
20 *Estates Mgmt Ass'n, Inc. v. Bach*, 973 P.2d 106, 107 (Ariz. 1999). The court in *Bach*
21 specifically recognized that "section 12-332 does not permit recovery of expenses incurred
22 for photocopying, long distance telephone calls, messenger and delivery charges, and
23 telecopier or fax charges." *Id.* Section 12-332 also contains no provision allowing travel
24 expenses. In order to claim taxable expenses under Local Rule 54.1(a), a claimant must file
25 a Bill of Costs with the Clerk of the Court. LRCiv. 54.1(a).

26 Further, the Arizona Supreme Court has held that non-taxable costs are not
27 recoverable under 12-341.01. *Bach*, 973 P.2d at 109. Unless provided for by statute, non-

taxable costs are generally not recoverable. *Id.* More specifically, expert witness expenses are not allowed under 12.341.01 as they are not activities undertaken by an attorney. *Id.* (indicating that 12-341.01 is limited to "[an attorney's] legal training and knowledge as it relates to the legal services rendered to, or on behalf of, a particular client.").

In the instant case, Crown Corr has not filed a Bill of Costs, and cannot claim taxable expenses. Even if they could, none of Crown Corr's expenses are of a type that can be claimed as taxable expenses under section 12-332. Because there is no statutory provision allowing the Court to award Crown Corr non-taxable expenses, it is not entitled to these expenses. Therefore, the Court will not award any expenses to Crown Corr and will reduce its request by $30,834.81.

## II.  CONCLUSION

The Court finds that an award amount of $105,284.10 is reasonable. This award takes into account a reduction of $84,538.51 for incurable ambiguity and a rejection of expenses.

Based on the foregoing,

**IT IS ORDERED** that Crown Corr's Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Doc. 39) is granted in the amount of $105,284.10.

DATED this 29th day of June, 2012.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge